LAWRENCE G. BROWN
United States Attorney
RUSSELL L. CARLBERG
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2748

**FILED**

SEP -8 2009

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. No.08-146 EJG |
| Plaintiff, | PLEA AGREEMENT |
| v. | |
| JOHN HATCHIE, | COURT: Hon. Edward J. Garcia |
| Defendant. | |

**I.**

**INTRODUCTION**

**A. Scope of Agreement:** The Indictment in this case charges the defendant with possession of visual depictions of minors engaged in sexually explicit conduct, a violation of 18 U.S.C. § 2252(a)(4)(B), and with receipt of visual depictions of minors engaged in sexually explicit conduct, a violation of 18 U.S.C. § 2252(a)(2). This document contains the complete Plea Agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This Plea Agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative,

or regulatory authorities.

**B. Rule 11(c)(1)(C) Specific Sentencing Factors Agreement:** The government and the defendant agree that specific sentencing factors, as set forth below in Section VI(B), would be appropriate in this case. Consequently, this Plea Agreement is being offered to the Court pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Under the provisions of Rule 11(c)(3), the Court may accept or reject the Plea Agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report. If the Court accepts the Plea Agreement, the Court will inform the defendant that it will embody in the judgment and sentence the disposition provided for in this Plea Agreement. If the Court rejects this Plea Agreement, the Court shall so advise the defendant, allow the defendant the opportunity to withdraw his plea, and advise him that if he persists in a guilty plea the disposition of the case may be less favorable to him than is contemplated by this Plea Agreement.

## II.

### DEFENDANT'S OBLIGATIONS

**A. Guilty Pleas:** The defendant will plead guilty to Count One of the Indictment alleging the defendant possessed visual depictions of minors engaged in sexually explicit conduct. The defendant agrees that he is guilty of this charge and that the facts set forth in the Factual Basis attached hereto as Exhibit A are accurate.

**B. Restitution:** The Mandatory Victim Restitution Act requires the Court to order restitution to the victims of his offense. Payment should be by cashier's or certified check made payable to the Clerk of the Court. Defendant further agrees that he will not

seek to discharge any restitution obligation or any part of such obligation in any bankruptcy proceeding.

**C. Fine:** The government will recommend that no criminal fine be imposed.

**D. Special Assessment:** The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. The defendant understands that this Plea Agreement is voidable by the government if he fails to pay the assessment prior to that hearing. If the defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

**E. Forfeiture:** The defendant agrees to forfeit to the United States voluntarily and immediately all of his right title and interest to any and all assets seized in this case, subject to forfeiture pursuant to 18 U.S.C. § 2253. Those assets include, but are not limited to, the following:

(1) One unbranded CPU and computer tower red and black in color, which does not contain a serial number;

(2) One 40 GB IBM Deskstar hard drive, Serial Number B2S9B7KF, and

(3) Four CD-Rs.

The defendant agrees that the above-listed property constitutes or is traceable to gross profits or other proceeds obtained directly or indirectly from a violation of 18 U.S.C. § 2252(a)(4)(B) or was used or intended to be used to commit or to promote the commission
**PLEA AGREEMENT**
**CR. NO. S-08-00146 EJG**                    3

of a violation of 18 U.S.C. § 2252(a)(4)(B).

The defendant agrees to fully assist the government in the forfeiture of the seized assets and to take whatever steps are necessary to pass clear title to the United States. The defendant shall not sell, transfer, convey, or otherwise dispose of any of his assets, including but not limited to, the above-listed assets.

The defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated. The defendant agrees to waive his right to notice of any forfeiture proceeding involving this property, and agrees to not file a claim or assist others in filing a claim in that forfeiture proceeding.

The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. The defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding. The defendant agrees to waive any jeopardy defense, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of the assets by the United States, the States of California or its subdivisions.

The defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

**F.   Sex Registration/DNA Testing:**

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act (SORNA), the defendant must register and keep the registration current in each of

```
 1  the following jurisdictions: the location of the defendant's
 2  residence, the location of the defendant's employment; and, if the
 3  defendant is a student, the location of the defendant's school.
 4  Registration will require that the defendant provide information
 5  that includes name, residence address, and the names and addresses
 6  of any places at which the defendant is or will be an employee or a
 7  student.  The defendant understands that he must update his
 8  registrations not later than three business days after any change of
 9  name, residence, employment, or student status.  The defendant
10  understands that failure to comply with these obligations subjects
11  the defendant to prosecution for failure to register under federal
12  law, 18 U.S.C. § 2250, which is punishable by a fine or
13  imprisonment, or both.
14       The defendant also understands and agrees that as a
15  consequence of his conviction he will be ordered to submit to the
16  collection of his DNA.
17       **G.  Agreement to Cooperate:**  The defendant agrees to cooperate
18  fully with the government and any other federal, state, or local law
19  enforcement agency, as directed by the government.  As used in this
20  Plea Agreement, "cooperation" requires the defendant:  (1) to
21  respond truthfully and completely to all questions, whether in
22  interviews, in correspondence, telephone conversations, before a
23  grand jury, or at any trial or other court proceeding; (2) to attend
24  all meetings, grand jury sessions, trials, and other proceedings at
25  which the defendant's presence is requested by the government or
26  compelled by subpoena or court order; (3) to produce voluntarily any
27  and all documents, records, or other tangible evidence requested by
28  the government; (4) not to participate in any criminal activity
```

while cooperating with the government; and (5) to disclose to the
government the existence and status of all money, property, or
assets, of any kind, derived from or acquired as a result of, or
used to facilitate the commission of, the defendant's illegal
activities or the illegal activities of any conspirators.

If the defendant commits any crimes or if any of the
defendant's statements or testimony prove to be knowingly false,
misleading, or materially incomplete, or if the defendant otherwise
violates this Plea Agreement in any way, the government will no
longer be bound by its representations to the defendant concerning
the limits on criminal prosecution and sentencing as set forth
herein. The determination whether the defendant has violated the
Plea Agreement will be under a probable cause standard. If the
defendant violates the Plea Agreement, he shall thereafter be
subject to prosecution for any federal criminal violation of which
the government has knowledge, including but not limited to perjury,
false statements, and obstruction of justice. Because disclosures
pursuant to this Plea Agreement will constitute a waiver of the
Fifth Amendment privilege against compulsory self-incrimination, any
such prosecution may be premised on statements and/or information
provided by the defendant. Moreover, any prosecutions that are not
time-barred by the applicable statute of limitations as of the date
of this Plea Agreement may be commenced in accordance with this
paragraph, notwithstanding the expiration of the statute of
limitations between the signing of this Plea Agreement and the
commencement of any such prosecutions. The defendant agrees to
waive all defenses based on the statute of limitations or delay of
prosecution with respect to any prosecutions that are not time-

barred as of the date of this Plea Agreement.

If it is determined that the defendant has violated any provision of this Plea Agreement or if the defendant successfully moves to withdraw his plea (except under the terms of Section I(B) of this plea agreement): (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this Plea Agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this Plea Agreement, or any leads derived therefrom, should be suppressed. By signing this Plea Agreement, the defendant waives any and all rights in the foregoing respects.

## III.

### THE GOVERNMENT'S OBLIGATIONS

**A. Recommendations:**

**1. Dismissals:** The government agrees to move, at the time of sentencing, to dismiss without prejudice the remaining counts in the pending Indictment. The government also agrees not to reinstate any dismissed count except as otherwise provided in this plea agreement.

**2. Acceptance of Responsibility:** If the United States Probation Office determines that a three-level reduction in defendant's offense level for his full and clear demonstration of

acceptance of responsibility is appropriate under U.S.S.G. § 3E1.1, the government will not oppose such a reduction and will so move under U.S.S.G. §3E1.1(b), so long as the defendant pleads guilty, meets with and assists the probation officer in the preparation of the pre-sentence report, is truthful and candid with the probation officer, and does not otherwise engage in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding. The government will also move for the 1-level reduction in defendant's offense level pursuant to U.S.S.G. § 3E1.1(a)(b), in return for his timely resolution of this case, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently.

3. **Reduction of Sentence for Cooperation:** The government agrees to recommend at the time of sentencing that the defendant's sentence of imprisonment be reduced by up to 50% of the applicable guideline sentence if he provides substantial assistance to the government, pursuant to U.S.S.G. § 5K1.1. The defendant understands that he must comply with paragraph II(E) of this Plea Agreement. The defendant understands that it is within the sole and exclusive discretion of the government to determine whether the defendant has provided substantial assistance. The defendant understands that the government may recommend a reduction in his sentence of less than 50% or no reduction at all, depending upon the level of assistance the government determines that the defendant has provided. If the government's recommended reduction pursuant to § 5K1.1 is for a sentence below any applicable statutory mandatory minimum, the

government will also move the Court for a reduction below that
minimum term, under 18 U.S.C. § 3553(e). The defendant further
understands that a motion pursuant to U.S.S.G. § 5K1.1 is only a
recommendation and is not binding on the Court, that this Plea
Agreement confers no right upon the defendant to require that the
government make a § 5K1.1 motion, and that this Plea Agreement
confers no remedy upon the defendant in the event that the
government declines to make a § 5K1.1 motion. In particular, the
defendant agrees not to try to file a motion to withdraw his plea
based on the fact that the government decides not to recommend a
sentence reduction or recommends a sentence reduction less than the
defendant thinks is appropriate.

If the government determines that the defendant has provided
further cooperation within one year following his sentencing, the
government may move for a further reduction of his sentence under
Rule 35 of the Federal Rules of Criminal Procedure.

**B. Limitation on Use of Information For Sentencing**: Other
than as set forth above, the government agrees that any
incriminating information provided by the defendant during his
cooperation will not be used in determining the applicable guideline
range, pursuant to U.S.S.G. § 1B1.8.

## IV.

### ELEMENTS OF THE OFFENSE

**A. Elements of the Offense**: To be found guilty of possessing
one or more matters containing visual depictions of minors engaged
in sexually explicit conduct as alleged in Count 1 of the
Indictment, the government would have to establish the following
elements beyond a reasonable doubt: (1) that the defendant knowingly

possessed one or more matters, that is, computer hard drives, and that they contained visual depictions of minors engaged in sexually explicit conduct; (2) that among the visual depictions in each matter there were images of minors engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256; (3) that the producing of the visual depictions of minors in each matter involved the use of a person under the age of 18 engaging in sexually explicit conduct; and (4) that the visual depictions in each matter were transported in interstate or foreign commerce, or the visual depictions were produced using materials which had been transported in interstate or foreign commerce, including by computer.

Sexually explicit conduct means actual or simulated - (A) sexual intercourse, including genital-genital, oral genital, anal genital, or oral-anal, whether between persons of the same or opposite sex; (B) bestiality; (C) masturbation; (D) sadistic or masochistic abuse; or (E) lascivious exhibition of the genitals or pubic area of any person. 18 U.S.C. § 2256.

## V.

## MAXIMUM SENTENCE

**A. Maximum Penalty:** The maximum sentence that the Court can impose for possessing visual depictions of minors engaged in sexually explicit conduct as alleged in Count One is a 10-year maximum term of imprisonment, a fine of $250,000, supervised release ranging from 5 years to a possible life term, and a special assessment of $100.

By signing this Plea Agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees

that the restitution order is <u>not</u> restricted to the amounts alleged in the specific counts to which the defendant is pleading guilty. The defendant further agrees that he will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

**B. Violations of Supervised Release**: The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to 5 additional years of imprisonment. If the defendant commits certain specified felonies against children delineated in 18 U.S.C. § 3583(k) while on supervised release, the court is required to revoke supervised release and impose any term of imprisonment not less than 5 years, to life.

## VI.

### SENTENCING DETERMINATION

**A. Statutory Authority**: The defendant understands that the Court must consult the Federal Sentencing Guidelines (as promulgated by the Sentencing Commission pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by United States v. Booker and United States v. Fanfan, 543 U.S. 220, 125 S.Ct. 738 (2005), Rita v. United States, 127 S.Ct. 2456 (2007), Gall v. United States, 128 S.Ct. 586 (2007), Kimbrough v. United States, 128 S.Ct. 558 (2007)) and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines. The defendant further understands that the Court will

consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

**B. Specific Sentence:** Taking into account the defendant's cooperation, the parties agree that the defendant's sentence shall be 60 months as the appropriate disposition in this case. Fed. R. Crim. P. 11(c)(1)(C). The defendant and the government agree not to argue in support of any departures, guideline classifications, or any other such grounds for any sentence of imprisonment other than 60 months.

## VII.

### WAIVERS

**A. Waiver of Constitutional Rights:** The defendant understands that by pleading guilty he is waiving the following constitutional rights:

**1. Public and Speedy Trial:** If defendant were to continue with his plea of not guilty to the charges in the indictment, he would be entitled to a public and speedy trial.

**2. Jury Trial, Presumption of Innocence, Unanimous Verdict:** The defendant has an absolute right to a jury trial. At that trial, the jury would be instructed that the defendant is presumed innocent and that he carries that presumption throughout

the trial until such time as the government overcomes the
presumption by evidence adduced at the trial. The jury would be
further instructed that it could not convict the defendant unless
all twelve jurors agreed that the government had proved guilt beyond
a reasonable doubt.

     **3. Confrontation of Witnesses:** At the trial, the
defendant would be entitled to see, hear and confront the witnesses
and the evidence against him. These witnesses would be testifying
under the penalty of perjury and would be subject to
cross-examination by the defendant's attorney.

     **4. Compulsory Process:** At the trial, the defendant would
be entitled to present witnesses and other evidence in his own
behalf and, if the witnesses refused to appear voluntarily, the
defendant would be entitled to use the court's process to compel
their attendance.

     **5. Privilege Against Self Incrimination:** At a trial, the
defendant would have a privilege against self-incrimination so that
he could not be compelled to testify and the jury could be
instructed that no inference of guilt could be drawn from the
defendant's failure to testify.

     **6. Right to Appeal:** If, after a trial, the defendant
were convicted, he would have a right to appeal the conviction.

     **7. Representation of Counsel:** The defendant is entitled
to be represented by competent counsel through all stages of the
case, including appeal, and if the defendant could not afford an
attorney one would be appointed for him by the court.

Defendant understands that by pleading guilty he is waiving all
of the rights set forth above. Defendant's attorney has explained

those rights to him and the consequences of his waiver of those rights and the defendant freely and voluntarily consents to said waiver.

**B. Waiver of Appeal and Collateral Attack:** The defendant understands that the law gives him a right to appeal his conviction and sentence. He agrees as part of his plea, however, to give up the right to appeal his conviction. Defendant further gives up any right he has to appeal any aspect of the sentence imposed in this case so long as he is sentenced to a prison term in accordance with this agreement. He further gives up his right to appeal any order of restitution the Court may impose.

Regardless of the sentence he receives, the defendant also gives up any right he may have to bring a post-appeal attack on his conviction or his sentence. He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction or sentence.

If the defendant ever attempts to vacate his plea, dismiss the underlying charge, or reduce or set aside his sentence on the charge to which he is pleading guilty, the government shall have the right (1) to prosecute the defendant on the count to which he pleaded guilty; and (2) to file any new charges that would otherwise be barred by this Plea Agreement. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office. By signing this Plea Agreement, the defendant agrees to waive any objections, motions, and defenses he might have to the government's decision. In particular, he agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or

any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

**C. Waiver of Attorneys' Fees and Costs:** The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this Plea Agreement and any charges previously dismissed).

## VIII.
### ENTIRE PLEA AGREEMENT

Other than this Plea Agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## IX.
### APPROVALS AND SIGNATURES

**A. Defense Counsel:** I have read this Plea Agreement and have discussed it fully with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this Plea Agreement.

DATED: _9-4-09_

David W. Dratman
Attorney for Defendant

**B. Defendant:** I have read this Plea Agreement and carefully

reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement. In addition, no one has threatened or forced me in any way to enter into this Plea Agreement. Finally, I am satisfied with the representation of my attorney in this case.

DATED: 9-4-09

JOHN HATCHIE, Defendant

**C. Attorney for United States**: I accept and agree to this Plea Agreement on behalf of the government.

DATED: 9-4-09

LAWRENCE G. BROWN
United States Attorney

By: _____
RUSSELL L. CARLBERG
Assistant U.S. Attorney

**PLEA AGREEMENT**
**CR. NO. S-08-00146 EJG**            16

**EXHIBIT "A"**

**Factual Basis for Plea**

Defendant JOHN HATCHIE purchased access to a known Australian child pornographic website named "Home Collection 1002" and to another called "SickCR Package," for about $100 each. HATCHIE used a Paypal account to purchase access to the websites. Based on this evidence, HATCHIE's house in Woodland, California, was searched on October 29, 2007 under a federal search warrant authorized a few days before. His computer was seized. During the search, when his briefcase was opened, HATCHIE exclaimed, "I am busted." Inside the briefcase was a collage of child pornography. HATCHIE admitted to agents that he had traded child pornography as a "game."

When analyzed by the computer forensic examiner, HATCHIE's computer was found to possess in excess of 1,000 image files and 100 video files, containing visual depictions of minors engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256. Among them was a file identified as "0_11064400_1182356670.jpg," an image depicting a nude infant girl with a nude adult female performing oral sex on her. Also among them was a file identified as "11.bmp" depicting two prepubescent girls performing oral sex on a white male. This image has been identified by the National Center for Missing and Exploited Children as a real child whose sexually explicit images were produced in the State of Washington. The images are part of a series of similar photos included in what is called the "IM" series. The defendant possessed 2 files depicting images from the IM series.

Altogether, on or about October 29, 2007, HATCHIE possessed

**PLEA AGREEMENT**
**CR. NO. S-08-00146 EJG**             1

approximately 217 child pornographic images and 3 videos identified by the National Center for Missing and Exploited Children as real children in over 39 identified "series" from known series of real children exploited in foreign countries and states other than California.

The computer equipment identified in the Forfeiture allegation of the indictment was used by the defendant to possess and receive his images of child pornography. The computer tower and hard drive were manufactured in China. The CD-Rs were manufactured in Canada.