UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN HATCHIE,<br><br>　　　　Defendant. | No.  2:08-cr-00146-WBS<br><br>**RELATED CASE ORDER** |
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN HATCHIE,<br><br>　　　　Defendant. | No. 2:22-cr-00158-TLN |

　　　The Court has reviewed the Government's Notice of Related Cases, filed July 22, 2022. Examination of the above-captioned actions reveals that they are related within the meaning of Local Rule 123 (E.D. Cal. 1997).  Under Local Rule 123, two actions are related when they involve the same parties and are based on a same or similar claim; when they involve the same transaction, property, or event; or when they "involve similar questions of fact and the same

1

question of law and their assignment to the same Judge . . . is likely to effect a substantial savings of judicial effort." L.R. 123(a). Further,

> [i]f the Judge to whom the action with the lower or lowest number has been assigned determines that assignment of the actions to a single Judge is likely to effect a savings of judicial effort or other economies, that Judge is authorized to enter an order reassigning all higher numbered related actions to himself or herself.

L.R. 123(c).

Defendant was on supervised release in case number 2:08-CR-0146-WBS when Homeland Security Investigations ("HIS") received information that he may be actively accessing child pornography. Based on that information, HSI obtained a search warrant for Defendant's home, his ex-wife's home, and a property he recently inherited in the Northern District of California. Upon the forensic examination of a micro-SD card found at the property, certified forensic examiners were able to determine that the defendant was accessing and downloading child pornography. This is the basis of case number 2:22-CR-00158-TLN. Based on the foregoing, the two cases should be related under Local Rule 123 because the cases involve similar claims and overlapping transactions and events. In addition, both cases are likely to involve similar questions of fact and law. Accordingly, the Court finds there is sufficient overlap in both cases to merit relating them, and assignment to the same Judge will save judicial resources and effort.

Further, Local Rule 123(f) states, "[w]here a Notice of Related Cases is filed suggesting that a petition for probation action and/or violation of the terms of supervised release should be related to a new indictment, and the basis of the probation petition or alleged supervised release violation is the conduct underlying the new indictment, the two actions shall be related and the Judge or Magistrate Judge assigned to the new criminal action shall also be assigned the earlier action, unless the original sentencing judge desires to retain the first action." This Court has conferred with the original sentencing judge, who has indicated that he does not desire to retain the action.

///

IT IS THEREFORE ORDERED that the action denominated No. 2:08-cr-00146-WBS be reassigned to District Judge Troy L. Nunley, and the caption shall read No. 2:08-cr-00146-TLN. Any dates currently set in No. 2:08-cr-00146-WBS are hereby VACATED.

**DATED: July 26, 2022**

Troy L. Nunley
United States District Judge